FILED

06/30/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0838

DA 25-0838

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 137N

DAN PATRICK MCCAUL,

        Plaintiff and Appellant,

    v.

WELLS FARGO BANK, N.A. and WELLS
FARGO & COMPANY; JOY OTT;
MICHAEL CONLON: JENICA HELD; and
RHONDA M. CEBULSKI; and
JOHN DOES 1-25,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Second Judicial District,
                In and For the County of Butte-Silver Bow, Cause No. DV-23-280
                Honorable Robert J. Whelan, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Daniel Patrick McCaul, Self-Represented, Bozeman, Montana

        For Appellees:

                W. Scott Mitchell, Brent R. Bihr, Holland & Hart LLP, Billings, Montana

                Jan T. Chilton, Mark I. Wraight, Benjamin J. Howard, Stinson LLP, San
                Francisco, California

                    Submitted on Briefs:  May 27, 2026

                            Decided:  June 30, 2026

Filed:

                _____
                           Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Dan Patrick McCaul (McCaul) appeals from the Order Granting Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, issued by the Second Judicial District Court, Butte-Silver Bow County, on November 26, 2025. On June 25, 2026, McCaul filed a separate motion entitled Emergency Motion to Clarify Procedural Posture and Preserve Appellant's Rights. In his motion, he asserts he will be represented by new legal counsel, that extraordinary circumstances exist, and requests oral argument. The motion does not set forth any emergency or extraordinary circumstances and largely reiterates assertions previously made in his appeal briefing. McCaul has not demonstrated circumstances requiring oral argument. The motion is denied. We affirm.

¶3 McCaul filed a Complaint on October 31, 2023, which was never served on any of the Defendants. On June 11, 2025, McCaul filed an Amended Complaint (FAC). On August 18, 2025, Defendant Wells Fargo Bank, N.A., removed the case to federal court. McCaul then voluntarily dismissed all federal claims set forth in the FAC and the cause was returned to state court. On September 11, 2025, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim Upon Which Relief Can Be

Granted Under M. R. Civ. P. 12(b)(6) along with a supporting brief. McCaul objected to dismissal, filing a rebuttal to the motion to dismiss and, in turn, Defendants filed a reply brief. Thereafter, on November 26, 2025, the District Court adopted the arguments and authority set forth in Defendants' brief in support of its motion to dismiss and in its reply brief and granted Defendants' motion to dismiss with prejudice concluding: (1) the Count I breach of contract claim failed as McCaul was not the real party in interest and cannot prosecute claims on behalf of his businesses; (2) the Count 2 Whistleblower Retaliation and False Claims Act Violations failed as McCaul was not an employee of any Defendants under the Montana Whistleblower statute and McCaul was not bringing a False Claims Act claim on behalf of the government; and (3) the Count 3 Abuse, Blackmail, Extortion, and Harassment claim fails because these are not civil causes of action under Montana law and McCaul lacked a private right of action. The District Court also concluded that to the extent the FAC's references to additional statutes and common law could be considered to be claims, they were time-barred as the original Complaint was not filed until October 31, 2023, and the allegations stem from conduct beginning as early as 2010. McCaul appeals.

¶4      This Court reviews a district court's ruling on an M. R. Civ. P. 12(b)(6) motion to dismiss de novo. *Lundeen v. Lake Cnty.*, 2024 MT 120, ¶ 8, 416 Mont. 539, 571 P.3d 995 (citing *Marshall v. Safeco Ins. Co.*, 2018 MT 45, ¶ 6, 390 Mont. 358, 413 P.3d 828). When reviewing an order dismissing a complaint under M. R. Civ. P. 12(b)(6), we construe the complaint in the light most favorable to the plaintiff. *Lundeen*, ¶ 8. The district court must not dismiss a complaint for failure to state a claim, "unless it appears beyond doubt the

3

plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Lundeen*, ¶ 8 (quoting *Marshall*, ¶ 6). The district court's ruling that a complaint failed to state a claim is a conclusion of law that we review for correctness. *Lundeen*, ¶ 8.

¶5 "A motion to dismiss under M. R. Civ. P. 12(b)(6) has the effect of admitting all well-pleaded allegations in the complaint." *Lundeen*, ¶ 9 (quoting *Puryer v. HSBC Bank USA, N.A.*, 2018 MT 124, ¶ 10, 391 Mont. 361, 419 P.3d 105). When considering the motion, "all allegations of fact contained therein are taken as true." *Lundeen*, ¶ 9 (quoting *Puryer*, ¶ 10). "Dismissal is proper under M. R. Civ. P. 12(b)(6) if the plaintiff would not be entitled to relief based on any set of facts that could be proven to support the claim." *Lundeen*, ¶ 9 (quoting *Puryer*, ¶ 10).

¶6 We review a district court's denial of a motion to amend pleadings for abuse of discretion. *Bardsley v. Pluger*, 2015 MT 301, ¶ 10, 381 Mont. 284, 358 P.3d 907. A district court abuses its discretion when it acts arbitrarily, without employment of conscientious judgment, or in excess of the bounds of reason resulting in substantial injustice. *Bardsley*, ¶ 10.

¶7 A claim is subject to dismissal if it is insufficient as it is pled to state a cognizable claim that entitles the claimant to relief. M. R. Civ. P. 12(b)(6). "A claim is subject to dismissal only if it either fails to state a cognizable legal theory for relief or states an otherwise valid legal claim but fails to state sufficient facts that, if true, would entitle the claimant to relief under that claim." *Puryer*, ¶ 12 (citing *Anderson v. ReconTrust Co., N.A.*, 2017 MT 313, ¶ 8, 390 Mont. 12, 407 P.3d 692). M. R. Civ. P. 8(a) and 12(b)(6) have

4

liberal pleading requirements, but they do not excuse the omission of material and necessary facts that entitle relief. *Puryer*, ¶ 12. The complaint must state more than facts that "would breed only a suspicion" that the claimant is entitled to relief. *Jones v. Mont. Univ. Sys.*, 2007 MT 82, ¶ 42, 337 Mont. 1, 155 P.3d 1247.

¶8      McCaul's FAC specifically sets forth general allegations related to Whistleblower Disclosures; Loss of Business and Lost Opportunities; Admissions of Unauthorized Account Activity; Newly Discovered Add-On Products and Fees Admissions; Improper Mediation and Failure to Follow Arbitration Requirements; Confirmation of Suspicious Activity Reports and Unusual Activity Reports; Business Disruption and Contractual Breaches; Lender Liability and Failure to Execute Contractual Obligations and Cause of Action: Lender Liability—Failure to Report and Act on Unlawful Activity; Human Rights Violations and Plaintiff's Assertions of Abuse; and Pattern of Abuse and Systemic Failures. The FAC then sets forth the following three specific claims each with a separate prayer for relief: COUNT I. CLAIM FOR BREACH OF CONTRACT AND DAMAGES, COUNT II. WHISTLEBLOWER RETALIATION AND FALSE CLAIMS ACT VIOLATIONS, and COUNT III. CLAIM FOR DAMAGES: ABUSE, BLACKMAIL, EXTORTION, HARASSMENT.

**Breach of Contract Claim**

¶9      Defendants contend the breach of contract claim fails as McCaul is not the real party in interest and the FAC does not plead facts establishing any of the essential elements of a breach of contract claim. McCaul argues that if his businesses are closely held or sole

proprietorships, he "may" have standing under the theory of piercing the corporate veil[1] and also that equitable considerations "allow pro se plaintiffs to proceed when justice demands it and the procedural defect can be cured." He does not assert what the procedural defect is or how it can be cured nor what equitable consideration refers or any citation to such.

¶10    The FAC sets forth a claim that "Defendants' breach of the M&M Recovery, M&M Repossession and Transport Service LLC, and American Lenders Service Company PLLC ('M&M-ALSCO') contracts resulted in actual damages exceeding $1,200,000, including lost revenue, financial losses, and additional expenses." From the language of the FAC, it is clear McCaul is not seeking to recover damages based on breach of a contract between McCaul and Defendants but is seeking to recover damages allegedly suffered by his various businesses based on breaches of a contract between the businesses and Defendants. It is well-settled that a corporation—including an LLC or PLLC—is a legal entity distinct from its members which may not file an action pro se through one of its members. *Sagorin v. Sunrise Heating & Cooling, LLC*, 2022 MT 58, ¶ 11, 408 Mont. 119, 506 P.3d 1028; *H & H Dev., LLC v. Ramlow*, 2012 MT 51, ¶ 18, 364 Mont. 283, 272 P.3d 657. A corporation "cannot appear on its own behalf through an agent other than an attorney." *Cont'l Realty, Inc. v. Gerry*, 251 Mont. 150, 152, 822 P.2d 1083, 1084 (1991). Further, a

---

[1] McCaul clearly does not understand that piercing the corporate veil is an equitable remedy eliminating shareholder or member's corporate liability protection in cases where one establishes that the shareholder or member is the alter ego of the company and the company was used to justify a wrong or perpetrate a fraud; not a means for a shareholder or member to sue on behalf of a company. *See, e.g., Lane v. Mont. Fourth Jud. Dist. Ct.*, 2003 MT 130, 316 Mont. 55, 68 P.3d 819.

stockholder, member, or partner of a corporation generally cannot bring a pro se action on a corporation's behalf. *Sagorin,* ¶ 11; *Weaver v. Graybill, Ostrem, Warner & Crotty*, 246 Mont. 175, 178, 803 P.2d 1089, 1091 (1990). The Legislature has carved out an exception to this general rule which allows a member with a majority interest in an LLC to represent the LLC in a justice court or small claims court. Sections 35-8-301(5), 25-35-505(3)(e), 25-31-601(3), MCA.

¶11 Here, the breach of contract claim arises out of contracts McCaul executed on behalf of his various businesses. Those businesses, not McCaul, were party to the relevant contracts, and any claims arising from those contracts belong to the business entities. McCaul, as a member—sole or otherwise—cannot assert breach of contract claims on behalf of those business entities except in a justice or small claims court, which is not the case at hand. As McCaul cannot bring breach of contract claims on behalf of his various business entities, we need not address Defendants' additional assertion that the FAC failed to even set forth the elements of a breach of contract cause of action.

**Whistleblower Retaliation and False Claims Act Violations**

¶12 Defendants assert the FAC fails to state the basis of the whistleblower and false claims act violations with sufficient clarity to understand the claim. McCaul references § 39-2-904, MCA, the Dodd-Frank Act, and the Sarbanes-Oxley Act in support of his claim, but these statutes provide no cause of action for him as they protect employees from employer retaliation. The anti-retaliation statutes do not apply to independent contractors like McCaul or his businesses. Thus, McCaul cannot sustain a whistleblower retaliation

claim. Further, Defendants assert McCaul voluntarily dismissed all federal claims such that he has no claim under the federal False Claims Act and while a person may bring a civil action for violation under Montana's False Claims Act, the FAC's Count II claim fails to set forth any facts establishing Defendants engaged in any wrongdoing related to the government and fails to name the governmental entity or agency on whose behalf the claim is brought. In response, McCaul asserts retaliation claims "may be viable under other statutes or common law if or because Plaintiff McCaul was targeted for exposing misconduct" but he fails to delineate any viable retaliation claim available to an independent contractor under another statute or common law. McCaul suggests he may be able to amend his complaint to assert a qui tam[2] action under the False Claims Act but does not state how he would put forth a viable claim under Montana's False Claims Act.[3]

¶13    Montana's False Claims Act is designed to combat fraud against the government. To establish liability under the Act a person must show that the defendant knowingly committed at least one prohibited act under § 17-8-403(1), MCA, that caused damage to a governmental entity. Section 17-8-406, MCA. Further, the action must be brought in the name of the governmental entity. Section 17-8-406(1), MCA. Here, the FAC asserts no facts showing Defendants took any actions set forth in § 17-8-403(1), MCA, or were

---

[2] A qui tam action is a federal claim under the False Claims Act where a relator brings an action against a person or entity on the government's behalf. The government is considered the plaintiff and if the government prevails, the relator receives a share of the award. *See Cochise Consultancy, Inc. v. United States ex rel. Hunt*, 587 U.S. 262, 265-66, 139 S. Ct. 1507, 1510 (2019).

[3] McCaul withdrew all federal claims to bring the cause back to state court and as such has no federal qui tam action here.

involved in any wrongdoing in relation to the government and it is not brought in the name of the government entity. Based on the foregoing, the District Court correctly concluded the FAC's Count 2 Whistleblower Retaliation and False Claims Act Violations failed as McCaul was not an employee of any Defendants under the Montana Whistleblower statute and McCaul was not bringing a False Claims Act claim on behalf of the government.

**Claim for Damages: Abuse, Blackmail, Extortion, Harassment Claim**

¶14    Defendants assert abuse, blackmail, extortion, and harassment are not civil causes of action under Montana law—and are more consistent with criminal offenses which McCaul has no authority to bring. In response, McCaul asserts that while blackmail and extortion may be criminal terms, the underlying conduct "may" support civil claims such as intentional infliction of emotional distress, invasion of privacy, or tortious interference and Defendants' retaliatory and coercive behavior taken together "may support one or more recognized torts." McCaul does not, however, describe what retaliatory or coercive behavior would support any particular tort under Montana law, when any such conduct occurred other than between 2010-2015, does not state who perpetrated in the retaliatory or coercive behavior or how such resulted in damage to McCaul as an individual. As pled, Count 3 contained in the FAC does not set forth a claim upon which relief may be granted. The District Court correctly concluded the FAC's Count 3 Abuse, Blackmail, Extortion, and Harassment claim fails because these are not civil causes of action under Montana law and McCaul lacked a private right of action.

**Other Referenced, Non-Delineated Claims**

¶15    Although not delineated as "Counts," the FAC sets forth "Plaintiffs Contentions of Defendants violations of Montana Statutes and Applicable Legal Doctrines" under which it lists: (1) Montana Consumer Protection Act (MCPA)—§ 30-14-103, MCA; (2) Fraud & Deceit—§ 27-1-712, MCA; (3) Unjust Enrichment—§ 27-1-701, MCA; (4) Breach of Good Faith & Fair Dealing—Implied Covenant in Contract Law; (5) Common Law Fraud—Restatement (Second) of Torts § 525; (6) and Tortious Interference—Restatement (Second) of Torts § 766.

¶16    Defendants assert that to the extent the FAC brings claims other than those delineated as particular counts, such are time-barred, and further fail to clearly and concisely state the factual bases for such claims.  In response, McCaul asserts statutes of limitations were tolled as he was unaware of the misconduct due to concealment or fraud.  He also asserts the misconduct occurred over time such that "some claims may still be timely."  He does not state, however, which claims may still be timely.

¶17    The statute of limitations for a claim under the Montana Consumer Protection Act is two years.  Section 30-14-103, MCA.  The statute of limitations for fraud/deceit or mistake is two years.  Section 27-2-203, MCA.  The statute of limitations for unjust enrichment and tortious interference is three years.  Section 27-2-202(3), MCA ("The period prescribed for the commencement of an action on an obligation or liability, other than a contract, account, or promise, not founded on an instrument in writing is within 3 years.").  The statute of limitations for breach of an implied covenant of good faith and

fair dealing shares the same statute of limitations for contract actions.[4] *Doll v. Little Big Warm Ranch, LLC*, 2024 MT 179, ¶¶ 66, 71-72, 417 Mont. 493, 554 P.3d 175.

¶18　"The fact a party does not know he or she has a claim, either because he or she is unaware of the facts or unaware of his or her legal rights is insufficient to delay the commencement of the limitations period." *Norbeck v. Flathead Cnty.*, 2019 MT 84, ¶ 18, 395 Mont. 294, 438 P.3d 811.　If a claim is filed outside of the applicable statute of limitations, it is generally barred. *Norbeck*, ¶ 18.　One exception to this general rule is the discovery rule.　Under the discovery rule, the limitations period does not start to run until the plaintiff discovers the facts constituting the claim, or in the "exercise of due diligence, should have discovered the facts constituting the claim if the facts constituting the claim are by their nature concealed or self-concealing or a defendant has taken action preventing plaintiff from discovering the facts." *Norbeck*, ¶ 19 (citing Section 27-2-102(3), MCA).

¶19　The allegations of the FAC assert that between 2010 and 2015 McCaul, acting as an independent contractor for Wells Fargo submitted three "whistleblower disclosures" based on direct and personal knowledge of misconduct within Wells Fargo's operations.　The FAC states that McCaul provided detailed evidence of violations, including breaches of

---

[4] Implied by law in every contract is a covenant of good faith and fair dealing which requires honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade. Section 28-1-211, MCA. By definition, the implied covenant applies only in relation to the express terms of an underlying, independently enforceable contract.　The covenant derives from the justified expectation of each party that the other will act in a reasonable manner in its performance or efficient breach. As the breach of contract claim involves contracts between McCaul's business entities and Defendants any associated breach of the implied covenant of good faith and fair dealing implied by those contacts inures to the business entities, not to McCaul individually, he is unable to prosecute such a claim against Defendants regardless of whether the statute of limitations had not yet expired.

11

contractual obligations, unethical practices, and retaliatory actions against whistleblowers and Defendants failed to take corrective action which led to severe consequences for McCaul and others. From the allegations of the FAC, the violations, practices, and actions reported by McCaul between 2010 and 2015 form the basis for his non-breach of contract claims. Thus, McCaul knew or with due diligence should have known of these claims no later than 2015, but he did not file his initial complaint until October 31, 2023, several years after the statute of limitations for these claims expired. The FAC fails to set forth any assertion that the statute of limitations for any non-breach of contract claim should be tolled as he now asserts. While McCaul asserts that between 2014 and 2015 and potentially beyond, 13-16 unauthorized commercial business checking, savings, and debit/credit card accounts[5] were unlawfully opened in his name without his knowledge, he provides no factual assertion as to when he discovered the facts constituting the claims, or in the "exercise of due diligence, should have discovered the facts constituting the claim if the facts constituting the claim are by their nature concealed or self-concealing or a defendant has taken action preventing plaintiff from discovering the facts." *Norbeck*, ¶ 19. Under these circumstances, we cannot conclude the District Court erred in determining that to the extent the FAC's references to additional statutes and common law could be considered to be claims, they were time-barred.

---

[5] From the FAC language describing these accounts, it appears they were accounts opened under his various business entities rather than personally in McCaul's name. Under such circumstance, even if the statute of limitations had not expired on these claims, McCaul could not assert these claims on behalf of his business entities.

**No Abuse of Discretion in not Permitting Leave to Amend Complaint**

¶20     In response to Defendants' motion to dismiss pursuant to M. R. Civ. P. 12(b)(6), McCaul asserted that if the District Court found deficiencies in the FAC, he should be granted leave to amend as courts routinely allow at least one opportunity to cure defects and his status as a non-lawyer warranted leniency in procedural matters. In dismissing the FAC with prejudice, the District Court denied McCaul's request to amend his complaint.

¶21     M. R. Civ. P. 15(a) provides that "leave [to amend] shall be freely given when justice so requires" but this does not mean a court must automatically permit amendment. *Bardsley*, ¶ 20. McCaul has not demonstrated how the District Court abused its discretion or how he could amend his complaint to cure deficiencies. To the extent he seeks damages for contractual breaches and wrongs done to his business entities, he may not bring claims pro se on their behalf. Further, he has failed to set forth any facts showing the statute of limitations has not long-expired with regard to any potential personal non-breach of contract claims he asserts. As such, we find no abuse of discretion in the District Court's dismissal of the FAC with prejudice.

¶22     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶23     Affirmed.

/S/ INGRID GUSTAFSON

13

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ KATHERINE M. BIDEGARAY
/S/ BETH BAKER
/S/ LAURIE McKINNON